PER CURIAM.
Florida Power’s appeal questions a jury verdict and judgment against it, and for the fee owners of certain Hamilton County land, for $2,100 compensatory and $25,000 punitive damages for Florida Power’s erection and maintenance, without the fee owners’ consent but with the conditional consent of the tenant for years, of power lines and poles on that land. The lessee, whom the fee owners granted an exclusive right of possession until the year 2017, consented insofar as it could to the power line easement, upon a payment to the lessee to be determined, which was determined; and upon the additional condition that Florida *46 Power acquire from the fee owners by a certain date, through negotiation or condemnation, the perpetual easement which Florida Power desired. That was not timely done, and Florida Power abandoned efforts to do so until many months later, when litigation forced the issue.
We would agree with Florida Power that the tenant’s power to consent to Florida Power’s use of the land during the leasehold term is to be determined from the lease, and that construction of the lease was a matter for the court, not the jury, but for the tenant’s power to withhold consent except on conditions, which here included satisfaction of the owners by acquisition of a perpetual easement, extending beyond the lease term by negotiation or condemnation. On the only issues presented to us, therefore, we find that Florida Power was not entitled to a directed verdict and that the evidence supported a conclusion that Florida Power entered and built knowingly and in willful or reckless disregard of rights reserved to the fee owners.
AFFIRMED.
SMITH, Acting C. J., and ERVIN and MELVIN, JJ., concur.